# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Simmons

v.

Drew et al.

April 7, 1978

Case No. (Law) L-5804

By JUDGE HENRY L. LAM

This case now stands before me on motions, made by all defendants, to transfer this case to Norfolk for trial.

I deem it not only important, but proper that I set forth those reasons for my decision contained herein.

First, I find that Virginia Beach is a proper forum for the trial of this case; one of the seven named defendants being a resident of Virginia Beach, hence, Virginia Beach is a permissible venue pursuant to § 8.01-262(1). Being thus so, does the language of § 8.01-263 prevent a transfer of this case to a more convenient forum?

Read in conjunction with § 8.01-264, I conclude that if there be multiple parties involved, and if the forum is properly laid under §§ 8.01-261 or 8.10-262 as to any one of multiple parties, then no objection to venue being proper may be allowed under § 8.01-264.

However, the fact that no objection to venue being proper may be made under § 8.01-264 does not prevent this court, upon a motion to transfer made pursuant to Section 8.01-265 and a showing that there is "good cause," from transferring the case to a more convenient forum.

Factually, because one of the seven defendants resides in Virginia Beach, then Virginia Beach is a proper forum pursuant to § 8.01-262(1).

All six of the individual defendants, including Dr. Drew, who resides in Virginia Beach, have their offices (i.e. principal place of employment) in Norfolk. Additionally, the corporate defendant, Medical Center Hospitals, Inc., has its hospital in Norfolk.

The medical treatment given to the plaintiff, out of which this cause of action arose, occurred in Norfolk, and although it may not appear important, if the plaintiff should recover as against the defendants, or any of them, then § 8.01-262(9) is yet another reason for transfer of this case to Norfolk.

Considering the intent of this section of our Code, as expressed in § 8.01-257, then in the exercise of my discretion, pursuant to § 8.01-265, "good cause" has been shown, and it would be, under the known facts in this case to date, an abuse of discretion not to honor the motions for transfer.

I, therefore, for the reasons herein set forth, direct that counsel prepare and forward to me an order transferring this case to the Circuit Court of the City of Norfolk.